| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| ANDY D. STOLTZNER,<br><br>  Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | Case No. 1:16-cv-01490-EPG<br><br>FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT |

This matter is before the Court on the Plaintiff's complaint for judicial review of an unfavorable decision of the Commissioner of the Social Security Administration regarding his application for Disability Insurance Benefits and Supplemental Security Income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Ninth Circuit.

The court, having reviewed the record, administrative transcript, the briefs of the parties, the applicable law, and having heard oral argument, finds as follows:

In formulating the residual functioning capacity (RFC) assessment in this case, the Administrative Law Judge ("ALJ") noted that Plaintiff alleges disability due to seizures, memory loss, and degenerative arthritis significantly limiting his ability to perform basic work activities. AR 16. The ALJ concluded that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." *Id*.

Plaintiff argues that the ALJ failed to give specific, clear and convincing reasons, for discrediting his testimony. *See Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2014) (providing that an ALJ must provide "specific, clear, and convincing reasons" for rejecting the testimony of the claimant where the claimant has presented evidence of an underlying impairment and there is no evidence of malingering) (citing *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012);

1

*Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991)). The Court disagrees.

On pages 16-21 of the administrative decision, the ALJ provided extensive reasoning for partially discrediting Plaintiff's symptom testimony. The ALJ noted that there is "very little evidence of treatment in the record" and then proceeded to summarize the medical evidence. AR 16. According to the ALJ, the sparsity of medical treatment was inconsistent with what "one would expect for a person alleging such incapacitating symptoms," and the little medical treatment received "has been routine and conservative." AR 20. The ALJ further found that the medical record revealed that Plaintiff "failed to follow-up orthopedic and neurological consultation requests made by the treating doctor, which suggests that the symptoms may not have been as serious as has been alleged in connection with this application and appeal." *Id*. Next, the ALJ pointed out that Plaintiff's "varied and wide range of activities of daily living" were not "fully consistent with allegations of total disability." AR 20-21 (describing Plaintiff's daily living activities). Additionally, the ALJ noted that Plaintiff's work history was sporadic prior to the alleged disability onset date, making it questionable whether Plaintiff's "continuing unemployment is actually due to medical impairments." AR 20. Finally, the ALJ indicated that Plaintiff's "testimony, appearance and demeanor did not fully support his contentions." AR 20 (indicating that Plaintiff stated he could only sit for 20 minutes, but sat through a 45 minute hearing while not displaying issues with concentration or an inability to answer questions, follow directions, or remember details).

In light of the above, the undersigned concludes that the ALJ provided specific, clear and convincing reasons for partially discrediting Plaintiff's symptom testimony. While the Court would have preferred a more articulated explanation concerning the inconsistency Plaintiff's testimony with his daily activities, the Court does not find legal error in light of the other specific, clear and convincing reasons provided by the ALJ.

Accordingly, for the reasons announced by the Court on the record at the conclusion of the parties' oral argument on December 5, 2017, the court finds that the decision of the Commissioner of Social Security is supported by substantial evidence, and the same is hereby affirmed.

2

1 | The Clerk of the Court is directed to close this case.
2 |
3 | IT IS SO ORDERED.
4 | Dated:  **December 6, 2017**                    /s/ *Erin P. Grosj*
5 |                                                          UNITED STATES MAGISTRATE JUDGE